# United States District Court

## SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

**V.**

**GEORGE ROGERS**

FILED
FEB 27 2017
U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

**CRIMINAL COMPLAINT**

CASE NUMBER:2:17-mj-00005-CMM

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about December 1, 2016, within the Southern District of Indiana, Terre Haute Division and elsewhere, GEORGE ROGERS, defendant herein, did knowingly possess with the intent to distribute fifty grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, all of which is in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

I further state that I am a Special Agent, and that this complaint is based on the following facts:

See attached Affidavit

**Continued on the attached sheet and made a part hereof.**

Kevin Ruffner, SA, DEA

**Sworn to before me, and subscribed in my presence**

February 27, 2017 at Terre Haute, Indiana
**Date**

Craig M. McKee. U.S. Magistrate Judge, SD Indiana
**Name and Title of Judicial Officer**

**Signature of Judicial Officer**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Kevin Ruffner, a Special Agent with the Drug Enforcement Administration (DEA), Evansville, Indiana, being duly sworn, state as follows:

1. I, Kevin Ruffner, am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been employed by the Drug Enforcement Administration, United States Department of Justice, (herein after DEA) since February 2016. I am currently assigned to the Evansville Post of Duty. In connection with my official DEA duties, I investigate criminal violations of the federal narcotics laws, including, but not limited to, Title 21, United States Code, Sections 841, 843, 846, and 848. I have received special training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. I also have been involved in various types of electronic surveillance, and in the debriefing of defendants, witnesses, and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and the laundering and concealing of proceeds from drug trafficking in violation of Title 18, United States Code, Section 1956.

3. Your Affiant alleges that probable cause exists to believe that GEORGE ROGERS did commit an offense in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) – Possession with Intent to Distribute Methamphetamine.

## Facts of the Case

4. As part of an ongoing investigation into the distribution of methamphetamine in the greater Terre Haute, Indiana, detectives of the Vigo County Drug Task Force and Terre Haute Police Department Special Investigations Unit, detectives identified numerous sources of methamphetamine. On December 1, 2016, detectives acquired the "in house" list of registered occupants of the Red Roof Inn, 3053 S. US Highway 41, Terre Haute, Indiana and learned that one of the rooms was registered to a female who was known to be actively collecting debts for a Charles Keller, who had been arrested on November 14, 2016 on charges of dealing methamphetamine.

5. At 10:41 am on December 1, 2016, Detective Jim Palmer and Detective Brian Bourbeau of the Terre Haute Police Department knocked on the door of room 351 to speak to the female. A male, identified as George E. Rogers, partially opened the door. Rogers stated that the female was not in the room and voluntarily allowed detectives to enter the room. While entering the room, Rogers stated the female was not staying in the room and that she had rented the room for him. Rogers stated that he had been living in the room for approximately two days.

6. In plain view, detectives observed a glass smoking pipe on one of the beds, with a butane torch next to the device. These are objects commonly used for smoking methamphetamine.

7. Rogers was arrested for Maintaining a Common Nuisance and Possession of Paraphernalia. Rogers was in his underwear and asked that detectives retrieve his jeans. The jeans were searched for weapons before being placed on Rogers. A pocket knife and a large sum of banded currency, containing $3,014 in multiple denominations, were located

in the pockets of the jeans. Detectives then immediately exited the room and applied for a search warrant.

8. During the execution of the search warrant on the room, a black nylon bag was located on top of the partition between the beds. Inside the bag was located four plastic bags, each containing methamphetamine. The preliminary total weight of the four bags totaled 98.2 grams (14.8, 2.9, 32, and 48.5 grams).

**Conclusion**

Based upon the above described facts, information, observations, and training, your Affiant believes probable cause exists to charge and arrest George Rogers for Possession with Intent to Distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). Further, these violations occurred within the Southern District of Indiana.

Further your affiant sayeth naught.

Kevin Ruffner, Special Agent,
Drug Enforcement Administration

Sworn to me and subscribed before me this 27th day of February, 2017

Craig McKee
United States Magistrate Judge